UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONSANTO COMPANY,

       Plaintiff,

                   **Hon. Hugh B. Scott**

       v.

                   05CV786S

                   **Order**

PETER J. DRAGAN,

       Defendant.

    Before the Court is plaintiff's motion for expedited hearing of motion (Docket No. 3), and motion for expedited discovery (Docket No. 4), both filed on November 7, 2005.  Plaintiff commenced this patent infringement action by filing its Complaint on November 2, 2005 (Docket No. 1), with filing the returned executed Summons on November 7, 2005 (Docket No. 5).  Judge Skretny referred this action to the undersigned for pretrial matters on November 8, 2005 (Docket No. 6).  As of this date, defendant has not made an appearance or filed an Answer or a Rule 12 motion.

    The patent involved Roundup Ready® soybean seed that was licensed to defendant for a limited period.  Plaintiff alleges that defendant retained soybean seed and planted it in a subsequent year and sold or planted seed in other farms without plaintiff's authorization (<u>see</u> Docket No. 1, Compl.).

    Plaintiff contends in these motions that it needs to identify the farms in which defendant allegedly dispensed plaintiff's patented soybean seeds through interrogatories and document production.  In its motion for expedited discovery (Docket No. 4, Notice of Motion, at 2),

plaintiff argues that it will suffer irreparable injury if it cannot conduct discovery now "because critical evidence derived from crops which defendant has planted and/or crops from infringing seed which defendant has sold are being harvested and may be destroyed if defendant's customers are not identified before their soybean acreage is harvested and tilled." The interrogatories and document production demands (Docket No. 4, Pl. Memo. Ex. 1) seek the identity of those who defendant sold or planted plaintiff's soybean seeds and defendant's records regarding his custom farming in 2005 and soybean sales in 2004 and 2005. Plaintiff presently does not seek inspection or testing of soybean plants or plant products.

In the normal course of federal litigation, defendant has at least 20 days to answer or move against the Complaint, Fed. R. Civ. P. 12(a)(1)[1], or seek an extension of time to so plead or move. Then the parties have to conduct a pre-discovery Rule 26(f) conference, at least 21 days before the Rule 16(b) and Local Civil Rule 16.1 scheduling conference before any party can begin discovery (absent a stipulation or a court order to the contrary), see Fed. R. Civ. P. 26(d), (f); W.D.N.Y. Local Civ. R. 16.1(a), 26(d). So discovery normally would begin months after the service of the Complaint. While the Federal Rules contemplate some limited pre-action discovery, see Fed. R. Civ. P. 27(a) (allowing deposition before commencing action upon petition), these Rules do not expressly consider discovery commenced before a defendant has had a chance to answer the Complaint. Here, plaintiff seeks expedited discovery before any of these procedural steps have been taken.

---

[1] Here, by Friday, November 25, 2005, the next business day after Thanksgiving Day, November 24, 2005, when an Answer would be due. See Fed. R. Civ. P. 6(a).

Before scheduling the briefing and argument of these expedited motions, the Court requests that plaintiff submit a memorandum on two issues. First, plaintiff is to brief the issue of whether this Court has jurisdiction or authority to issue expedited discovery or expedited relief where the defendant has yet to appear in the action. Cf. Dimension Data N. Am., Inc. v. Netstar-1, Inc., 226 F.R.D. 428, 529, 532 (E.D.N.C. 2005)[2]. (See Docket No. 4, Pl. Memo. at 7, citing case). The other cases cited by plaintiff (Docket No. 4, Pl. Memo. at 6, 7) do not address the timing of the motion for expedited discovery relative to the timing of the Answer. So far, the Court's own research has found only one other case which sanctioned plaintiff for taking a witness' deposition (without leave of the court) months before serving the defendants with the summons and complaint. Ortiz-Rivera v. Municipal Gov't of Toa Alta, 214 F.R.D. 51, 54, 58 (D.P.R. 2003).

Second, plaintiff needs to address the science underlying its discovery request; namely, it must establish that the testing of soybeans or soybean plants can identify the origin of the seeds from which the plants or beans came from. That is, whether the genetics or other biological or chemical basis can identify the origin of plant material or crops from plaintiff's engineered seeds or from other sources. The key to the acceleration of these motions and discovery in this case apparently is to preserve the soybean plant material or crop to allow for such testing. Normal interrogatories and document production are not dependent upon the harvest season and there is no indication that defendant will destroy documents or be rendered incapable of answering interrogatories (for examples). Normally, this type of production can wait until defendant

---

[2]Defendants in that case moved for extension of time to file an Answer after plaintiff moved for expedited discovery. The court there denied plaintiff's motion for expedited relief.

answers, see Fed. R. Civ. P. 12(a), and the parties confer under Rule 26(f), see Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent agreement of the parties or an Order). But plaintiff only seeks document production and answers to interrogatories that are not readily dependent upon the planting cycle.

Before this Court will require at least one party, that formally has not yet appeared, to produce documents at an expedited basis (and presumably to have other, unnamed persons preserve and eventually produce soybeans or soybean plants before the harvest season concludes), these two issues need to be addressed. Given the accelerated nature of plaintiff's request, this supplemental briefing is due by **Monday, November 14, 2005**. If, in the interim, defendant makes an appearance, he may respond to the motion generally or these two specific issues by **Thursday, November 17, 2005**. If, merely upon receipt of this Order, defendant wishes to respond, he may make a limited appearance and file a response by **November 17, 2005**.

A copy of this Order will be sent to the address for defendant indicated in plaintiff's certificates of service for its moving papers, as well as to counsel plaintiff identifies as defense counsel, David H. Ealy, Esq., of Trevett, Lenweaver & Salzer, P.C., 2 State Street, Suite 1000,

Rochester, New York 14614.  If defendant has not appeared when this Order is sent, sending of this Order shall not constitute an appearance or a waiver of whatever defenses defendant may have regarding service or jurisdiction.

    So Ordered.

                                                                 s/HBS
                                          Hon. Hugh B. Scott
                                  United States Magistrate Judge

Dated: Buffalo, New York
       November 9, 2005