UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONSANTO COMPANY,

       Plaintiff,

                   **Hon. Hugh B. Scott**

       v.

                   05CV786S

                   **Order**

PETER J. DRAGAN,

       Defendant.

Before the Court is plaintiff Monsanto Company's ("plaintiff" or "Monsanto") motion to compel testimony (Docket No. 27[1]). Responses to this motion were due by September 29, 2006, and any reply was due by October 10, 2006, with the motion then deemed submitted without oral argument (Docket No. 30).

**BACKGROUND**

Plaintiff commenced this patent infringement action for its Roundup Ready® soybean seed by filing its Complaint on November 2, 2005 (Docket No. 1). Plaintiff then moved for pre-answer discovery and an expedited hearing (Docket Nos. 4, 3). Judge Skretny referred this action to the undersigned for pretrial matters on November 8, 2005 (Docket No. 6). The Court granted the motion for an expedited hearing but denied the motion to compel expedited discovery

---

[1] In support of this motion, plaintiff filed an attorney's declaration, Docket No. 29, and memorandum of law with exhibits, Docket No. 28. Defendant did not filed a timely response, although defense counsel called Chambers on October 10, 2006, inquiring about an extension of time to respond. No motion or application for an extension, however, was submitted and defendant did not indicate that plaintiff stipulated to an extension.

(Docket No. 13, Order of Nov. 21, 2005). Defendant then answered on November 25, 2005 (Docket No. 14). The Court held a Scheduling Conference on February 7, 2006 (Docket No. 21), and issued a Scheduling Order (Docket No. 22), which has motions to compel discovery due by October 24, 2006, and closes discovery on November 24, 2006.

The patented seeds were licensed to defendant under a Technology Agreement for a limited period. (Docket No. 1, Compl. ¶¶ 5-12, 16, Ex. A (patent).) Plaintiff alleges that defendant retained soybean seed (or "bin run" or "brown bag," Docket No. 1, Compl. ¶ 12) under a 2004 license and planted it in a subsequent year and sold or planted seed on other farms, all without plaintiff's authorization (see Docket No. 1, Compl. ¶¶ 14-16, 21). Plaintiff seeks injunctive relief to prevent further infringement and treble damages (including the royalty, plus interest and costs), and attorney's fees under 35 U.S.C. § 285 as an exceptional case (id. ¶¶ 22-24). The Complaint seeks preliminary and permanent injunctions (id. at page 5, ad damnum cl. 4).

*Present Motion*

Plaintiff now moves to compel defendant to identify farmers he knows (or believes) has plaintiff's seed. During defendant's examination, he admitted to saving plaintiff's seeds from 2003, 2004, and 2005 (Docket No. 28, Pl. Memo. of Law at 2 & n.2, Ex. A, Def. EBT Tr. at 33-35, 45-50). He admitted planting about 200 acres of saved seed for a neighbor, Reid Daum, in 2004 and 2005 (id., at 2 & n.5, Ex. A, Def. EBT Tr. at 51). Another neighbor, Robert Wood, testified that he saved and replanted plaintiff's seed (id. at 2-3).

Defendant then testified that "everybody" was saving and planting plaintiff's patented seed (id. at 3 & n.8, Ex. A, Def. EBT Tr. at 64), stating that 98% of farmers in the nation were

saving and replanting plaintiff's seed (id., Ex. A., Def. EBT Tr. at 64). He believed that "just about every farmer" did this practice (id. at 4, Ex. A, Def. EBT Tr. at 65-66). When asked to name farmers he knew were saving and replanting seeds in this manner, defendant refused to answer (id. at 4, Ex. A, Def. EBT Tr. at 66). Plaintiff's counsel instructed defendant to answer the question and asked that defense counsel advise his client that he had to answer (id. at 4, Ex. A, Def. EBT Tr. at 66). Defendant refused to answer because he did not know for sure that farmers did this, but it was his opinion that they did (id. at 4, Ex. A, Def. EBT Tr. at 66). When asked to name farmers he heard talk about using plaintiff's seed, defendant refused to answer because he did not know for sure (id. at 5, Ex. A, Def. EBT Tr. at 67-68). Defendant repeatedly declined to answer questions to name names (id. at 7, Ex. A, Def. EBT Tr. at 70).

## DISCUSSION

I.   Motion to Compel

If a party fails to answer a question under Rule 30, the Court may compel an answer, Fed. R. Civ. P. 37(a)(2)(B), including sanctions. An incomplete disclosure or an evasive answer is treated as a failure to disclose, Fed. R. Civ. P. 37(a)(3).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A), (B); see also id. R. 37(d)(1) (failure of party to attend own deposition, possible sanctions include evidentiary or issue preclusion). Under Rule 37(a)(4), if the motion to compel is granted, the Court

3

> "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).

Here, defendant made the bold statement that almost all farmers use patented seeds without authorization. Defendant was not instructed by counsel not to answer the follow up questions regarding this statement; rather, on his own defendant refused to answer. Either he did not know specific examples for his bold assertion or he did not wish to implicate others he was not wholly sure of or he refused to betray others by name. Nevertheless, there is no privilege against this disclosure; the fear of retribution by those identified (cf. Docket No. 29, Pl. Atty. Decl. ¶ 5) does not serve as a basis to prevent this disclosure. Defendant has not filed a timely response to this motion to raise any argument against this disclosure.

While defendant's testimony may have been hyperbole, he may know of specific farmers or instances where plaintiff's patented seeds were planted without authorization. By opening this door, defendant allows plaintiff to inquire into who else may be engaged in this activity.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel defendant's testimony (Docket No. 27) is **granted**. Defendant Peter J. Dragan shall submit to a further deposition within fifteen (15) days from the date of entry of this Order, and disclose the identities of all growers and other

individuals and third parties he knows, or has reason to believe, have replanted saved Roundup Ready® soybean seed.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        October 18, 2006