UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONSANTO COMPANY,

                    Plaintiff,

v.                                               **DECISION AND ORDER**
                                                            05-CV-786S

PETER J. DRAGAN,

                    Defendant.

       1.       On December 6, 2006, Plaintiff Monsanto Company filed a Motion for Partial Summary Judgment against Defendant Peter J. Dragan on the issue of patent-infringement liability. Plaintiff contends that Defendant infringed claims 1, 2, 4, and 5 of its U.S. Patent No. 5,352,605 ("the '605 patent") by planting Roundup Ready® soybean seed without authorization during the 2003, 2004, and 2005 growing seasons. According to Plaintiff, scientific laboratory testing of soybean samples taken from Defendant's fields during the relevant time period confirm that the seed Defendant planted meets the limitations of Claims 1, 2, 4, and 5 of the '605 patent. Plaintiff seeks a finding of patent infringement and the imposition of a permanent injunction pursuant to 35 U.S.C. § 283.[1]

       2.       Defendant does not dispute that he planted Plaintiff's seed as alleged. Thus, there is no issue of material fact. Rather, Defendant asserts estoppel and implied license as affirmative defenses. But as discussed at a status conference on February 16, 2007, it is undisputed that Defendant failed to assert these affirmative defenses in his Answer. Accordingly, he has waived these defenses. See FED. R. CIV. P. 8(c) (specifically

---

[1]Thirty-five U.S.C. § 283 provides as follows: "The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."

1

identifying estoppel and license as affirmative defenses that must be raised in an Answer); Doubleday & Co., Inc. v. Curtis, 763 F.2d 495, 503 (2d Cir. 1985) ("party's failure to plead an affirmative defense bars its invocation at later stages of the litigation").

3. There being no further opposition to Plaintiff's Motion for Partial Summary Judgment on the issue of patent-infringement liability, the motion is granted. Plaintiff's request for a permanent injunction pursuant to 35 U.S.C. § 283 is denied at this time because the need for an injunction was not sufficiently briefed by the parties.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Partial Summary Judgment (Docket No. 32) is GRANTED.

FURTHER, that Plaintiff's request for a permanent injunction pursuant to 35 U.S.C. § 283 is DENIED without prejudice.

FURTHER, that as discussed at the February 16, 2007 status conference, the parties shall participate in a mediation session on the issue of damages. This session shall take place by October 15, 2007.

FURTHER, that if this case is not resolved through mediation, counsel shall appear before this court for a status conference on October 29, 2007, at 9:00 a.m. to set a trial date.

This status conference will be automatically cancelled if a stipulation of discontinuance is filed before the scheduled date.

    SO ORDERED.


Dated: August 29, 2007
       Buffalo, New York


                                     <u>/s/William M. Skretny</u>
                                     WILLIAM M. SKRETNY
                                 United States District Judge